## 35391. LAMB v. THE STATE.

Nichols, Chief Justice.

This is the appeal of Robert Gerald Lamb, who was convicted and sentenced to life imprisonment for the murder of Clarence Lee Brady.

1. The evidence when viewed in the light most favorable to support the verdict was sufficient to enable a rational trier of the facts to find Lamb guilty of murder beyond a reasonable doubt. Jackson v. Virginia, — U.S. — (99 SC 2781, 61 LE2d 560) (1979). The jury heard Lamb's testimony that he killed Brady in self-defense

using an ice pick when Brady attacked him with the ice pick after they had been drinking together for a considerable period of time and after Brady had accused him of having stolen Brady's whiskey and having had an affair with Brady's girl friend. Medical testimony corroborated Lamb's testimony that Brady was strong considering the fact that he was 72 years of age. Lamb's testimony depicted a struggle between him and Brady in Brady's apartment during which he barely was able to muster sufficient physical strength to get the ice pick away from Brady. The jury heard the state's evidence that Lamb had made conflicting statements to the investigating officers. He told the officers of his having found Brady wounded and having helped Brady up the stairs to Brady's apartment. In another version, he told of his having seen Brady's assailant fleeing from Brady's apartment. Later he said that Brady had attacked him with the ice pick after having accused him of stealing Brady's whiskey and of having had an affair with Brady's girl friend. His testimony coincided largely with this last version of the incident. Details regarding the period of time Lamb was with Brady in the apartment and the manner in which Lamb had entered the apartment as recalled by nearby tenants who had heard the yelling and struggling over the sounds of the blaring television set in Brady's apartment varied materially from the defendant's testimony. Eleven stab wounds were found on Brady's body. The first enumeration of error is without merit.

2. Lamb next contends that the failure of his former defense counsel to place the character of the deceased into evidence was error. Three witnesses for the defense testified that Brady had a reputation for turbulence and violence. Lamb was permitted to testify regarding the deceased's reputation for cutting people that, "Before I could even finish telling them, the detective told me almost what happened, because he knows Jack Brady to have a record that long for cutting people." On cross examination, Lamb admitted that he did not know about Brady's reputation for violence until the detectives told him about it.

The second enumeration of error contends in

substance that trial counsel was ineffective because testimony was not introduced in an attempt to establish Brady's general reputation for cutting and sticking people. See in this regard *Henderson v. State*, 234 Ga. 827 (218 SE2d 612) (1975). Lamb would not have been permitted, over proper and timely objection, to testify in this regard to prove his state of mind at the time of his confrontation with Brady because it is clear from the transcript that he did not learn about Brady's character for violence until he was later discussing with officers the events surrounding Brady's death. *Henderson v. State*, supra; *Milton v. State*, 245 Ga. 20 (1980). Lamb's brief and the transcript fail to illustrate in what respect trial defense counsel's actions failed to meet constitutional muster. The second enumeration of error is without merit.

3. The third enumeration of error is not meritorious because in the absence of a written request to charge, it is not error for the court to fail to charge on the law of involuntary manslaughter and voluntary manslaughter. *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976); *Thomas v. State*, 243 Ga. 217 (253 SE2d 190) (1979).

4. The remaining enumerations of error, premised upon a contention that one of the defense witnesses became intoxicated during a lunch recess, will not be considered because present defense counsel has not made any effort to supplement the transcript and the transcript fails entirely to support Lamb's contention that the witness had been drinking. *Allen v. State*, 230 Ga. 772 (2) (199 SE2d 246) (1973).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 14, 1979 — DECIDED JANUARY 24, 1980.

*H. Haywood Turner*, for appellant.

*William J. Smith, District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General*, for appellee.