## 35683. GILLIAM v. THE STATE.

NICHOLS, Justice.

After grant by the trial court of a motion for out-of-time appeal, Cleveland Gilliam appeals his conviction for the armed robbery and murder of Richard Lee Range. He was indicted for those offenses with Charlie Junior Satterwhite and Richard Jones and was tried jointly with Satterwhite. He was sentenced to life imprisonment.

The jury heard evidence authorizing the following facts to be found: Gilliam, Satterwhite and Jones had been drinking together. They drove to downtown Atlanta that night for the avowed purpose of "having some fun." They were unsuccessful in attempting to grab purses from women they passed. They picked up Richard Lee Range, who was seeking a ride, and drove to a dead-end street where they took $1.50 from his pockets. Gilliam then told Range to get out of the automobile because he did not want blood in it. As Range was getting out, Gilliam shot him in the chest with a pistol at close range. Gilliam then ran over the victim with the automobile.

Shortly thereafter during the same night, Gilliam, Satterwhite and Jones went back to downtown Atlanta where Satterwhite and Jones approached two women in a park. Jones pulled a screwdriver and demanded that the women get into the automobile in which Gilliam was sitting. The women screamed and ran.

During the following day, a police officer answered a disturbance call to a house where the officer found Satterwhite and Jones. Satterwhite and Jones told the officer that they had seen a man killed during the previous night. They led the officer to the body and to the pistol they said was used in the homicide.

Medical testimony revealed powder burns surrounding the gunshot wound in the victim's chest, and abrasions on the victim's body that were consistent with tire injuries. Death was caused by the gunshot wound. Ballistics evidence established that the bullet removed

from the victim's chest had been fired from the pistol.

In Gilliam's statement, read to the jury after a Jackson-Denno hearing determined its admissibility, he told the following version of the events: Satterwhite and Jones were hitting the victim and attempting to rob him. Gilliam was trying to stop the robbery. Gilliam took the gun from Jones and told the victim to get out of the automobile. The gun went off as the victim got out of the automobile. Gilliam and the others panicked and Jones ran over the victim by mistake. They checked the victim and, after discovering that he was dead, they returned to downtown Atlanta where they approached the two women in the park. His testimony during trial was that Jones pushed the victim toward him and the victim fell against the gun, which went off.

The evidence when construed in the light favorable to the verdict is sufficient to enable any rational juror to find that each element of the offenses was proven beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Gilliam sought to exclude the testimony of the two women about the attempted kidnapping that had occurred within the hour of the homicide. Code Ann. § 38-202, *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). The prosecution offered this evidence to show state of mind and criminal intent; as tending to show that the co-defendants were together that night on a crime spree and that the homicide did not occur as a result of a mere accident. The evidence was admissible for those purposes. *Thomas v. State,* 239 Ga. 734 (238 SE2d 888) (1977); *Natson v. State,* 242 Ga. 618, 620 (250 SE2d 420) (1977).

2. Gilliam next contends that the trial court erred in charging the law of confessions because his statement was exculpatory in that it included facts or circumstances showing excuse or justification. He argues in his brief that the statement contains facts showing that the shooting occurred by accident. The transcript fails to substantiate his contention. The relevant portion reads: "I told that man to get on out [of] the car and the man kind of staggered out of the car. It all happened so fast. The gun went off. I panicked and got in the car and Richard got in the driver's seat. Charlie stayed in the back seat and when

I got in the car, I told Richard, 'Let's go Man. Let's get out from here.' " His statement does not indicate *why* the gun went off; whether by accident or otherwise. All it establishes is that the gun did go off. The trial court did not err in charging the law of confessions. *Johnson v. State,* 242 Ga. 822 (1) (251 SE2d 563) (1979).

3. Pretermitting the question of whether or not a charge on involuntary manslaughter was appropriate under the facts of this case, it was not error to fail to charge on involuntary manslaughter as there was no request to charge on this matter. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976); *Thomas v. State,* 243 Ga. 217 (253 SE2d 190) (1979); *Lamb v. State,* 245 Ga. 104 (1980).

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 7, 1979 — DECIDED APRIL 9, 1980 —
REHEARING DENIED APRIL 29, 1980.

*Brooks S. Franklin,* for appellant.
*Lewis R. Slaton, District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.

