60975. JAMES v. THE STATE.

SOGNIER, Judge.
James was convicted of armed robbery. He appeals (1) on the general grounds; (2) contends the trial court erred in its preliminary instructions by implying that appellant had the burden of proving his innocence; and (3) contends the trial court erred by denying his motion to suppress evidence of the pretrial lineup and in-court

identification of the accused.

On the evening of August 9, 1979 Richard Smith accepted a ride from two males at Fort Stewart, who offered to take him to a nightclub. Instead, the men rode down a deserted back road, forced Smith out of the car at knifepoint, beat him unconscious and robbed him. Smith, who had been in the car with the two men for about 30 minutes, described his two assailants and gave a detailed description of the car. Based on this information, the police arrested Billy Gene Johnson, owner of the car, and subsequently arrested appellant. In separate lineups Smith identified his assailants; he also identified both men at trial, although he testified that his identification of appellant at the lineup had been "flaky." Appellant testified that he was in his unit barracks at Fort Stewart when the robbery occurred, and denied participating in the robbery of Smith.

1. The jury obviously did not accept the testimony of appellant, and the weight of the evidence and credibility of witnesses are questions for the triers of fact. *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975). This court passes on the sufficiency of the evidence, not its weight, *Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978), and we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

2. Appellant contends the pretrial lineup was tainted because he was the only person in the lineup wearing military clothing — a pair of "fatigue" pants. However, at the time Smith was robbed his assailants were wearing civilian clothing, and he had no idea they were in the military service. He did not suggest to the police that his assailants were in the military service, and identified appellant based on his profile. In considering whether a lineup is impermissibly suggestive, "the evil to be avoided is the likelihood of misidentification of an accused." *Mitchell v. State,* 236 Ga. 251, 255 (223 SE2d 650) (1976). Under the circumstances of this case we find nothing suggestive in the fact that appellant was wearing military "fatigue" pants, particularly when Smith had no indication that his assailants were in the military service. Further, the deputy sheriff conducting the lineup made no comments to Smith, and did not suggest that a suspect was in the lineup. Thus, we find that the lineup was not impermissibly suggestive.

Smith stated on cross-examination that in regard to his identification of appellant he had made the statement "I said I wasn't, you know, positive. I was pretty sure." Also, when asked on cross-examination "You are not absolutely sure?" (of his identification), Smith responded "I'm not one hundred percent sure,

you know." These responses do not make Smith's in-court identification of appellant inadmissible; rather, they go to the weight to be accorded such testimony by the jury. As stated in Division 1, the weight of the evidence and credibility of witnesses are questions for the triers of fact. *State v. Smith,* supra. Accordingly, this enumeration of error is without merit.

3. Appellant did not object to the trial court's preliminary instructions to the jury, and it is well-settled that this court will not consider questions raised for the first time on appeal. *Sanders v. State,* 134 Ga. App. 825, 826 (216 SE2d 371) (1975).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 24, 1981.

*Gary A. Sinrich,* for appellant.
*Dupont K. Cheney, District Attorney, Kenneth R. Carswell, Assistant District Attorney,* for appellee.