## 63527. PERAULT v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was found guilty of voluntary manslaughter, motor vehicle theft, and arson in the third degree. He made no direct appeal of those convictions. However, he sought a writ of habeas corpus from the Superior Court of Habersham County, and that court ordered that appellant be allowed to file this out of time appeal. He now raises three enumerations of error, none of which we find meritorious. We therefore affirm his convictions.

1. In his first enumeration of error, appellant brands as error the trial court's dispersal of the jury sworn to hear a capital offense (appellant having been charged with murder and the death penalty sought). Under Code Ann. § 59-718.1, such a jury must be sequestered after they have been selected to hear the case. *Willis v. State,* 243 Ga. 185 (5) (253 SE2d 70). However, the trial court may permit jury dispersal in a capital case with the consent of the defendant or defense counsel. *Mason v. State,* 239 Ga. 538 (238 SE2d 79); *Jones v. State,* 243 Ga. 820 (3) (256 SE2d 907).

The trial transcript contains no reference to a defense consent to jury dispersal. Compare *Mason v. State,* supra; *Edwards v. State,* 235 Ga. 603 (5) (221 SE2d 28). However, at the hearing on appellant's petition for a writ of habeas corpus, the trial defense attorney testified that, in a conscious tactical move, he did not require jury sequestration. We equate such a decision to being tantamount to consenting to jury dispersal. Since we find that appellant's trial counsel consented to the dispersal of the jury, appellant must show a contact which related to the case between a juror and a third person. *Timberlake v. State,* 246 Ga. 488, 496 (271 SE2d 792). No such proof can be found in the record of this case. Furthermore, it appears that any error which may have been committed by allowing the jury to disperse was rendered harmless since the death penalty, although sought, was not imposed. See *Cook v. State,* 242 Ga. 657 (4) (251 SE2d 230).

2. Appellant next maintains that the trial court erroneously refused to grant a mistrial when the jury foreman informed the court of the jury's impatience at the slow progress of the proceedings. A review of the trial transcript reveals that no motion for mistrial was voiced on behalf of appellant at this juncture in the proceedings. "[It] is well-settled that this court will not consider questions raised for the first time on appeal. [Cit.]" *James v. State.* 157 Ga. App. 645 (3) (278 SE2d 187).

3. Lastly, appellant takes issue with the trial court's failure to instruct the jury on involuntary manslaughter without a written

request to so charge. Appellant asserts that a charge under Code Ann. § 26-1103 (b) was authorized by the evidence allegedly supporting his theory that he committed a lawful act (self-defense) in an unlawful manner (using excessive force).

"Pretermitting the question of whether or not a charge on involuntary manslaughter was appropriate under the facts of this case, it was not error to fail to charge on involuntary manslaughter as there was no request to charge on this matter. [Cits.]" *Gilliam v. State,* 245 Ga. 708 (3) (267 SE2d 8); *Lamb v. State,* 245 Ga. 104 (3) (263 SE2d 143); *Hart v. State,* 157 Ga. App. 716 (5) (278 SE2d 419).

*Judgment affirmed. Quillian, C. J., concurs. Carley, J., concurs in Divisions 2 and 3 and in the judgment.*

DECIDED MAY 7, 1982.

*Bruce S. Harvey,* for appellant.
*J. Cleve Miller, District Attorney, George L. Simpson III,* for appellee.