A99A0908. McGHEE v. THE STATE.
(515 SE2d 656)

ELDRIDGE, Judge.

Bobby Lee McGhee was convicted by a Peach County jury for the offenses of armed robbery and possession of a firearm during the commission of a crime. He appeals from the trial court's denial of his motion for new trial.

Viewing the evidence in the light most favorable to the jury's ver-

dict,[1] the following was shown: On July 23, 1993, Chon Walla was working at Jason's Mini-Mart as a cashier. Walla testified that between 9:00 p.m. and 10:00 p.m., she noticed McGhee standing outside the store "like he was waiting for someone." McGhee looked inside the store three or four times while he was standing outside. Finally, McGhee opened the door slightly and looked inside. McGhee then entered the store carrying a brown bag in his hand. As McGhee entered the store, he opened the bag, looked inside, and closed the bag. McGhee walked to the counter where the cash register was located and put the brown paper bag on the counter and indicated to Walla that he needed to exchange an item that he previously had purchased. McGhee then put his hand into the paper bag and pulled out a gun that appeared to Walla to be a shotgun. McGhee instructed Walla to put the money from the cash register in the paper bag or he would kill her. As McGhee exited the store with the money, he told Walla "don't try to call a cop, there's a bomb outside."

Walla further testified that McGhee was wearing a red shirt, blue jeans, a cap, and sunglasses at the time of the armed robbery. Walla went on to testify that she "got a good look at his face" from both a front and a side view. Walla testified that she recognized McGhee as a customer who had come into the store three to four times during the last two or three weeks. Both at a pretrial photographic lineup and at trial, Walla positively identified McGhee as the individual who robbed her at gunpoint.

Lorenzo Harris also was working at Jason's Mini-Mart on July 23, 1993, between 9:00 p.m. and 10:00 p.m. Harris testified as follows: While he was "making some six-packs of Busch," a man walked into the store with a paper bag in his hand. Harris did not get a clear look at the man, but he saw the shape and front of his face when he turned around and looked at him, and he saw a gun in his hand. Harris could not remember what type of clothing the man was wearing, except he could recall that he had on a hat and a pair of sunglasses. Harris further testified that, as the armed robber left the store, the armed robber instructed them not to call the police, because a bomb was outside.

Alicia Scott testified that she was using the pay-telephone in the parking lot of Jason's Mini-Mart between 9:00 p.m. and 10:00 p.m. on July 23, 1993. She further testified that McGhee walked up to the pay-telephone next to her and stood looking at the phone book for about five minutes. Scott testified that she recognized McGhee and that she had known McGhee since she was 12 years of age. Scott testified that McGhee was wearing a red shirt, blue jeans, a hat, and

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

sunglasses. Scott spoke to McGhee and watched him walk toward the store. Scott testified that McGhee stopped before he reached the store and walked back to the telephone and stood there for two or three minutes longer. Then McGhee walked back toward the store. Scott testified that she could not see inside the store from where she was standing. The next time Scott saw McGhee, he was running out of the store with a brown paper bag in his hand. Scott watched McGhee run between a dentist office and a car repair shop. At trial, Scott positively identified McGhee.

Scott was able to give police an address for McGhee. Officer William K. Richardson with the City of Fort Valley Police Department testified that the address was for a trailer owned by McGhee's father. McGhee's father gave police permission to search the trailer. In a bedroom, which McGhee's father indicated was occupied by McGhee, police found a red pullover shirt, a pair of blue jeans, a pair of white Nike tennis shoes, and four shotgun shells.

The defendant testified at trial and denied being at Jason's Mini-Mart on July 23, 1993. *Held*:

1. McGhee alleges that he was denied effective assistance of counsel at trial. "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990).

> To establish a claim of ineffective assistance of counsel, [McGhee] must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). [McGhee] must establish both the performance and the prejudice components of the *Strickland* test.

*Johnson v. State*, 222 Ga. App. 722, 728 (9) (475 SE2d 918) (1996). "A conviction will not be reversed on the basis of ineffective assistance of counsel unless counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." (Citation and punctuation omitted.) *Cunningham v. State*, 222 Ga. App. 740, 743-744 (2) (475 SE2d 924) (1996); *Strickland v. Washington*, supra at 669. "Furthermore, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy." (Citations and punctuation omitted.) *Clay v. State*, 232 Ga.

App. 656, 657 (503 SE2d 560) (1998); *Strickland v. Washington*, supra at 689.

(a) McGhee asserts that his trial counsel was ineffective because counsel did not call two alibi witnesses of whom he had informed counsel. McGhee maintains that these two witnesses would have testified that he was with them during the time of the armed robbery and that he was wearing different clothing from that described by the witnesses thereto. At the time of the hearing on McGhee's motion for new trial, McGhee's trial counsel was deceased. However, prior to the start of trial, trial counsel stated on the record that he had subpoenaed the two alibi witnesses; that the witnesses had appeared pursuant to the subpoenas; that he had interviewed the witnesses; and that the witnesses both indicated they knew McGhee, but both witnesses were "quite emphatic that [they did not] know his whereabouts" at the time of the armed robbery on July 23, 1993. Trial counsel stated to the court that, since the witnesses could not testify as to McGhee's whereabouts at the time of the armed robbery, he felt it would be detrimental to McGhee's defense to call such witnesses to the stand to testify.

"The determination as to which defense witnesses will be called is a matter of trial strategy and tactics. Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result." (Citations and punctuation omitted.) *Etheridge v. State*, 210 Ga. App. 96, 98 (435 SE2d 292) (1993). In the present case, trial counsel articulated valid reasons for not calling the potential alibi witnesses, and that strategy did not constitute ineffective assistance of counsel.

(b) McGhee also asserts that his trial counsel was ineffective because counsel did not file a motion to suppress the introduction of items seized from McGhee's room.

McGhee's trial counsel filed an initial motion for new trial raising only issues of sufficiency of the evidence. After trial counsel's death, McGhee retained new counsel. At the hearing on the motion for new trial, McGhee's new counsel orally amended McGhee's motion for new trial to include a claim of ineffective assistance of counsel.[2] While counsel raised several claims of ineffective assistance of counsel, he failed to specifically assert trial counsel's failure to file a motion to suppress.

Our Supreme Court has stated that an ineffective assistance of trial counsel claim must be raised at the first practicable

---

[2] After being allowed to verbally amend the motion for new trial prior to the hearing, counsel requested leave to file a written amended motion for new trial. Even if such amended motion for new trial was filed, it is not part of the record on appeal.

moment. *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994). The Court has further held that a claim of ineffective counsel must be raised before appeal if an opportunity to do so is available. *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996). If the opportunity to present such a claim was available, "the failure to seize that opportunity is a procedural bar to raising that issue at a later time." Id.

*Wilcox v. State*, 236 Ga. App. 235, 239 (511 SE2d 597) (1999).

"Any ineffective counsel challenge will be deemed waived if the new attorney files an amended motion for new trial and does not raise the issue before the trial court so that the challenge can be heard at the earliest practicable moment, i.e., during the hearing on the amended motion." [Cit.]

*Keanum v. State*, 212 Ga. App. 662, 663 (1) (442 SE2d 790) (1994). "A defendant has an obligation to raise all allegations of ineffective assistance of counsel at the earliest practicable moment, and any allegation not raised is deemed waived." (Citation and punctuation omitted.) *Stone v. State*, 229 Ga. App. 367, 370-371 (494 SE2d 48) (1997). Since this ineffective assistance of counsel claim was not raised at the hearing on the motions for new trial, or in any of the pleadings in the appellate record, it is deemed waived.

2. McGhee also challenges the sufficiency of the evidence.

On appeal[,] the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]

*Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990); see also *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). "[T]he relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]" (Emphasis in original.) Id. Considering the evidence as a whole, we conclude that the evidence adduced at trial was sufficient to enable a rational trier of fact to find McGhee guilty beyond a reasonable doubt of the crime of armed robbery and possession of a firearm during the commission of a crime.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 7, 1999.

*Jones & Oliver, Charles E. Jones,* for appellant.
*Charles H. Weston, District Attorney, Wayne G. Tillis, Howard Z. Simms, Assistant District Attorneys,* for appellee.