## A00A0489. SMITH v. THE STATE.

(534 SE2d 903)

RUFFIN, Judge.

Jermaine Anton Smith was charged with numerous offenses relating to several different incidents occurring between May 16 and October 31, 1995. Following a jury trial, Smith was convicted of three counts of rape, one count of kidnapping, two counts of aggravated sodomy, one count of armed robbery, and three counts of burglary. He appeals, raising several issues. For reasons discussed below, we affirm his conviction on all counts except the armed robbery count, which we reverse for insufficient evidence.

1. In his first enumeration, Smith contends that the trial court erred in allowing evidence of two pretrial lineups in which two of the rape victims identified him as the attacker. In considering these contentions, we note that:

> [c]onvictions based on eyewitness identification at trial following a questionable pre-trial identification will be set aside only if the pre-trial identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.[1]

With respect to the first incident, K. C. testified that Smith raped her at her house on May 16, 1995. Although he had a pair of white pantyhose over his head, she immediately recognized him because he had come to her house several times previously that evening, introducing himself as Antonio. K. C. testified that, after Smith finished raping her, he took his mask off, and they talked for a while before he left. After he left, K. C. called the police, who took her to Grady Hospital for a pelvic examination. K. C. was subsequently shown several photographic and live lineups, none of which involved Smith, and did not identify any of the individuals shown as her assailant.

On June 10, 1995, Smith was arrested on other charges, and Detective Donald Chase arranged for K. C. to view a live lineup involving Smith and six other individuals. K. C. identified Smith as the assailant, but placed a question mark on the written form in which she made her identification. When Detective Chase asked her about the question mark, she stated that she had tried to put the incident out of her mind, but that she was sure Smith was the assailant. When questioned by Detective Chase, Smith admitted that he had been with K. C. the night in question, but denied having any sexual encounter. However, a subsequent DNA test showed that Smith's

---

[1] *Zachery v. State*, 238 Ga. App. 191, 193 (3) (517 SE2d 71) (1999).

DNA matched sperm found during K. C.'s pelvic examination.

On appeal, Smith does not articulate exactly why he believes the pretrial identification by K. C. was inadmissible, but simply points out that K. C. initially placed a question mark on the form identifying Smith, indicating that she was not sure of her identification. Of course, this would not go to the suggestiveness of the lineup, but to the strength of her identification.[2] Since Smith makes no showing that the lineup was impermissibly suggestive, it is not necessary to consider whether there was a substantial likelihood of irreparable misidentification.[3] However, even if we were to consider the issue, we could not say that there was a substantial likelihood of irreparable misidentification, given that Smith admitted to being with K. C. the night of the attack and that his DNA was found in her vagina. Accordingly, the trial court did not err in allowing evidence of the pretrial identification.[4]

With respect to the second incident, A. G. testified that she awoke around 2:30 a.m. on June 10, 1995, to find a man holding a knife at her throat. The man, who was wearing blue denim shorts and had a white stocking over his face, forced A. G. to perform oral sex on him and then raped her. After he finished, the man took off his stocking mask and smoked a cigarette in view of A. G. The next morning, A. G. was shown a photographic lineup including pictures of Smith and several other individuals. A. G. immediately identified Smith as the assailant. The officer who showed her the lineup testified that A. G. showed no doubt or hesitation in identifying Smith.[5] A. G. identified Smith at trial as the rapist.

On appeal, Smith argues that the photographic lineup was impermissibly suggestive because he was the only individual shown without a shirt. We question whether, simply because an attacker was not wearing a shirt at the time of the attack, a photographic lineup containing a picture of a shirtless suspect is unduly suggestive. Such a lineup is far less suggestive than, for example, one in which the suspect is shown wearing the same clothing worn by the attacker. Nevertheless, even assuming that the lineup was suggestive, we cannot say that it was so suggestive as to create a substantial likelihood of irreparable misidentification. A. G. had the opportunity to view her attacker for a significant period of time both during

---

[2] See *James v. State*, 157 Ga. App. 645, 646-647 (2) (278 SE2d 187) (1981).

[3] See *Whitaker v. State*, 269 Ga. 462, 463 (2) (499 SE2d 888) (1998).

[4] Smith also suggests that he was denied the right to have counsel present during this lineup. This contention is without merit. See *Ferguson v. State*, 211 Ga. App. 218, 219-220 (1) (438 SE2d 682) (1993) (no right to have counsel present for preindictment lineup).

[5] The night before, A. G. had been shown photographs of other individuals, and stated that one of them was similar in build to the attacker. She did not, however, identify this person as the rapist.

and after the rape; the lineup occurred the day after the attack; A. G. showed no doubt or hesitation in making her pretrial identification; and she positively identified Smith at trial as the attacker. Considering the totality of the circumstances, the trial court did not err in admitting evidence of the pretrial identification.[6]

2. Without citing any authority, Smith asserts that the trial court erred in allowing A. G.'s mother to testify that A. G. had been a "basket case" since the attack. The only objection raised by A. G.'s counsel went to the relevancy of this testimony.[7] We have previously recognized that evidence of a purported rape victim's state of mind following the attack may corroborate her claim that she was raped.[8] "Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors."[9] Accordingly, the trial court did not abuse its discretion in allowing such testimony over Smith's relevancy objection. Moreover, Smith has wholly failed to show how admission of the mother's testimony, which occupies one paragraph of the more than 500-page trial transcript, had any impact on the outcome of the trial.

3. Joyce Harbin, a crime scene technician for the City of East Point, testified that certain fingerprints found at one of the crime scenes belonged to Smith. In response to the prosecutor's question, "How do you know those are his prints?", Harbin responded, "Because they match up with the criminal history — ," at which point the prosecutor cut her off. Smith's attorney moved for a mistrial on the grounds that the response placed Smith's character in issue. The trial court denied the motion for mistrial but issued curative instructions advising the jury to disregard the witness' answer. Smith's attorney then renewed his motion for mistrial.

Smith's third enumeration on appeal asserts that "[t]he trial court erred by allowing the State to place Defendant's character into issue during the trial of this case." Smith provides no argument with respect to this enumeration but simply recites the facts mentioned above and then states conclusorily that "[t]he violation of O.C.G.A.

---

[6] See *Huff v. State*, 239 Ga. App. 83, 85-86 (1) (519 SE2d 263) (1999).

[7] Smith's counsel raised the relevancy objection after the prosecutor asked, "And how has [A. G.] been since that time?" After the court stated that it would allow a "brief exploration" of the issue, the mother gave a short answer including the "basket case" comment. Counsel did not move to strike the mother's response or otherwise renew his objection after her response. For purposes of this appeal, we assume that the objection was sufficient to preserve this issue for our review.

[8] See *Harvey v. State*, 165 Ga. App. 7-8 (1) (299 SE2d 61) (1983); *Jones v. State*, 159 Ga. App. 472 (283 SE2d 691) (1981).

[9] (Punctuation omitted.) *Hestley v. State*, 216 Ga. App. 573, 576 (2) (455 SE2d 333) (1995).

§ 24-9-20 (b) resulted in harmful error."[10] To the extent that any type of "argument" may be inferred from Smith's recitation of the facts, it appears that he is contending that the trial court erred in denying his motion for mistrial.

"The decision whether to grant a mistrial or give a curative instruction ordinarily rests in the trial judge's sound discretion."[11] "[T]hat discretion will not be interfered with on appeal unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial."[12] In *Dimauro v. State*, we held that the trial judge did not err in refusing to grant a mistrial after a police witness testified that he had used a photograph of the defendant on file from "a previous arrest."[13] We held that the court's curative instruction "served to prevent the alleged harmful testimony from having any prejudicial impact on appellant."[14] Similarly, in *Dunn v. State*,[15] the Supreme Court held that a mistrial was not required where a State's witness testified that the defendant had an arrest record, because the trial court instructed the jury to disregard the testimony. The court stated that "[r]eference to an arrest, made in the presence of the jury without other detail, is harmless error where proper instructions are given to disregard the reference to the past arrest and it is not error to overrule a motion for mistrial based thereon."[16]

In this case, the reference to Smith's criminal history was fleeting and incomplete, and the trial court immediately instructed the jurors to disregard it. Smith makes absolutely no showing in his brief (indeed, he does not even assert as a conclusion) that the grant of a mistrial was necessary to preserve his right to a fair trial. Under the circumstances, therefore, we cannot say that the trial court abused its discretion in electing to give curative instructions rather than granting a mistrial.

4. In his final enumeration, Smith contends the evidence was insufficient to support his conviction of armed robbery. With respect to this charge, the indictment alleged that Smith took $2 from K. C. On appeal, Smith argues that, although there was evidence he demanded money during the attack, there is no evidence that he actually took any money. The State in its brief does not point to any such evidence but simply asserts that Smith waived the right to raise

---

[10] OCGA § 24-9-20 (b) deals with the admissibility of character and impeachment evidence when the defendant elects to testify at trial. Smith did not, however, testify at trial.

[11] *Dimauro v. State*, 185 Ga. App. 524 (2) (364 SE2d 900) (1988).

[12] (Punctuation omitted.) *Cowards v. State*, 266 Ga. 191, 194 (3) (c) (465 SE2d 677) (1996).

[13] *Dimauro*, supra at 524-525 (2).

[14] Id. at 525 (2).

[15] 251 Ga. 731, 734 (4) (309 SE2d 370) (1983).

[16] (Punctuation omitted.) Id.

this issue by failing to address it in a motion for new trial.

K. C. testified that, after Smith threatened to rape her if she did not give him some money, she told him that she had $2 in her jeans pocket. However, the State fails to point to any evidence that the money was actually taken.[17] In reviewing K. C.'s testimony, we see no place where she stated that Smith took any money. In the absence of any evidence that Smith actually took the money, the jury had no evidentiary basis to convict him of armed robbery.[18]

With respect to Smith's alleged failure to raise this issue in his motion for new trial, we note that the motion did assert the general ground of evidence insufficiency, although it did not state specifically what evidence was lacking. More fundamentally, however, the State is simply incorrect in asserting that the failure to challenge the sufficiency of the evidence in a motion for new trial precludes appellate review of the issue. OCGA § 5-5-40 (g) specifically states that "[o]n appeal, a party shall not be limited to the grounds urged in the motion [for new trial] or any amendment thereof." OCGA § 5-6-36 (a) states that, except in limited circumstances,

> the motion for new trial need not be transmitted as a part of the record on appeal; nor shall it be necessary that the overruling thereof be enumerated as error . . . , as the appellate court may consider all questions included in the enumeration of errors provided for in Code Section 5-6-40. The entry of judgment on a verdict by the trial court constitutes an adjudication by the trial court as to the sufficiency of the evidence to sustain the verdict, affording a basis for review on appeal without further ruling by the trial court.

Thus, "an appellant is entitled to argue all enumerations of error which are properly raised in addition to the matters contained in the new trial motion."[19] Therefore, Smith is not barred from challenging

---

[17] See Court of Appeals Rule 27 (c) (3) (ii) ("A contention that certain matters are not supported by the record may be answered by reference to particular pages where they appear.").

[18] See *Woodall v. State*, 235 Ga. 525, 533 (221 SE2d 794) (1975) (taking of property of another is essential element of armed robbery).

[19] *Hulsey v. Sears, Roebuck & Co.*, 138 Ga. App. 523, 525 (1) (226 SE2d 791) (1976). Citing *McGhee v. State*, 237 Ga. App. 541, 544-545 (1) (b) (515 SE2d 656) (1999), the State asserts in its brief that "[r]ecently, this Court has said that '[I]f the opportunity to present *such a claim* was available, the failure to seize that opportunity is a procedural bar to raising that issue at a later time.'" (Emphasis supplied.) However, this is a clear misrepresentation of the holding in *McGhee*, which did not deal with a claim of evidence sufficiency, but with a claim of ineffective assistance of counsel. As noted in *McGhee*, ineffective assistance claims must be asserted at the earliest possible time. If an appellant had the chance to assert such a claim in a motion for new trial, his failure to do so would preclude appellate consideration.

the sufficiency of the evidence as to an essential element simply by the failure to specifically raise such issue in his motion for new trial.

The State also suggests that Smith waived the right to raise this issue based on certain comments made by his attorney in connection with his motion for a directed verdict. While arguing his motion, Smith's attorney stated that "the evidence has not indicated that the money was taken from the immediate presence of [K. C.] It was taken from jeans that were across the room from her." According to the State, this comment amounts to a concession that money was in fact taken from K. C.'s jeans.

The State cites no authority for the proposition that, if defense counsel misstates the facts to his client's detriment while arguing a directed verdict motion in a jury trial, the defendant is precluded from challenging the sufficiency of the evidence on appeal. Such a proposition has little to recommend it, since it is the jury, and not the judge, that is the trier of fact, and it must decide whether the State has proven beyond a reasonable doubt the essential elements of the crime based on the evidence introduced at trial.[20] In any event, we do not think defense counsel's comments in this case are properly construed as an admission or stipulation that the money was in fact taken. Rather, we construe that counsel was simply arguing that *if* the money was taken, it was not taken from the victim's immediate presence.

Because the taking of property of another is an essential element of the crime of armed robbery, and the State did not prove that any money was in fact taken from K. C., Smith's conviction for armed robbery must be reversed.[21]

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 24, 2000.

*Cynthia W. Harrison*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.

---

[20] Compare *Scott v. State*, 201 Ga. App. 162-163 (1) (410 SE2d 362) (1991) (defendant waived right to contest evidence sufficiency following bench trial, where counsel led trial court to believe he was stipulating to certain facts).

[21] See *Woodall*, supra.