# Court of Appeals
# of the State of Georgia

ATLANTA,  December 12, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0638.  ANTON J. SMITH v. THE STATE.**

A jury convicted Anton J. Smith of rape, kidnapping, aggravated sodomy, armed robbery, and burglary. This Court reversed his conviction for armed robbery, but otherwise affirmed.  See *Smith v. State*, 244 Ga. App. 165 (534 SE2d 903) (2000). Thereafter, Smith filed a motion to dismiss and, subsequently, a "motion for notice of ruling" regarding same.  In an order entered on August 16, 2018, the trial court denied Smith's motion to dismiss and dismissed as moot his motion for notice of a ruling.  On September 20, 2018, Smith filed a direct appeal from the court's August 16 order.[1]  We, however, lack jurisdiction.

First, a notice of appeal must be filed within 30 days of the entry of the order sought to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Here, Smith filed his notice of appeal 35 days after entry of the trial court's order, rendering his appeal untimely.

Moreover, Smith filed an application for discretionary appeal seeking review of the same trial court order.  We dismissed Smith's discretionary application on October 22, 2018.  See Case No. A19D0121.  As a result, the doctrine of res judicata bars Smith from seeking further appellate review of the trial court's order.  See *Norris v. Norris*, 281 Ga. 566, 567-568 (2) (642 SE2d 34) (2007); see also *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue

---

[1] Smith later appealed from the trial court's denial of his motion to set aside the verdict, which presents a similar issue.  See Case No. A20A0639.

cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds.").

Finally, in his motion to dismiss, Smith argued that the trial court lacked subject matter jurisdiction because his indictment was not returned in open court. But such a claim is an attack on his convictions. See *Thompson v. State*, 304 Ga. 146, 149 (3) (816 SE2d 646) (2018) ("Appellant claims that his convictions are void because the record does not show that his indictment was returned in open court."); *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (holding that attacks on the indictment are essentially attempts to have the judgment of conviction vacated). "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case[,]" and any appeal from an order denying or dismissing such a motion must be dismissed. *Harper v. State*, 286 Ga. 216, 218 (1)-(2) (686 SE2d 786) (2009).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,    12/12/2019          *
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*