## 55306. STROZIER v. THE STATE.

BIRDSONG, Judge.

Strozier appeals his conviction, by a jury, of motor vehicle theft. *Held:*

1. "As to the general grounds, this court is bound by the 'any evidence' rule and must accept the state's version of the evidence, as was done by the jury and the trial

judge." *Franklin v. State,* 136 Ga. App. 47, 48 (1) (220 SE2d 60). "After a verdict, approved by the trial court, the evidence must be construed by this court in [the] light most favorable to the prevailing party with every presumption and inference being in favor of upholding that verdict. [Cits.]" *Green v. State,* 123 Ga. App. 286, 287 (3) (180 SE2d 564). The evidence shows that Strozier was seen in possession of the stolen vehicle, and additionally stated to the arresting officer that he was the owner of said vehicle; a search of Strozier's person revealed the ignition keys to the vehicle. At trial, Strozier admitted falsely claiming ownership of the stolen vehicle and instead claimed that he had gotten the vehicle from his nephew.

"The law is well established to the effect that one found in possession of recently stolen property has the burden of explaining that possession. Code Ann. § 26-1806. '[T]he question of whether the explanation of the possession offered by the defendant in his statement alone . . . is a satisfactory explanation, is a question for the jury. [Cits.]" *Queen v. State,* 131 Ga. App. 370 (1) (205 SE2d 921). It is clear that the jury determined that Strozier's explanation was not adequate and the evidence presented by the state amply supported the verdict. See *Pounds v. State,* 136 Ga. App. 852 (222 SE2d 629).

2. Strozier contends that the trial court erred in denying his motion for mistrial based on a witness' alleged violation of the trial court's sequestration order. The allegedly offending witness testified that he did not at any time discuss testimony of any witness, including himself. Furthermore, no showing was made that the testimony of the witness was in any way related to or otherwise affected by the purported violation of the sequestration order.

First, "[t]he trial judge is vested with broad discretionary powers in administering the rule of sequestration, which will not be controlled unless manifestly abused. [Cit.] Disobedience of a sequestration order may subject the offender to punishment for contempt or may affect his credit, but does not render the witness incompetent to testify, or disqualify his testimony. [Cits.] Thus, the violation of a sequestration order does not alone disqualify the witness, and the

decision as to whether or not the witness should be disqualified rests in the sound discretion of the trial court." *Watts v. State,* 239 Ga. 725, 731 (238 SE2d 894). "Second, only the credibility, and not the admissibility, of a witness' testimony is affected when he testifies in violation of the rule of sequestration. [Cits.]" *Banks v. State,* 144 Ga. App. 471, 472. This enumeration of error is without merit.

3. "It is a settled rule of evidence in this state that evidence of flight may be submitted to the jury. . . . [Cits.] The same rule has been followed as to an escape from jail while awaiting trial. [Cit.]" *Strickland v. State,* 137 Ga. App. 628 (224 SE2d 809). The trial court did not err in admitting evidence that Strozier escaped from jail pending trial.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED JANUARY 30, 1978 — DECIDED APRIL 4, 1978.

*C. Michael Roach,* for appellant.
*Frank C. Mills, III, District Attorney, J. Carey Hill, Assistant District Attorney,* for appellee.