## 75281. WILLIAMS v. THE STATE.
(367 SE2d 92)

SOGNIER, Judge.

Appellant was charged with two counts of selling marijuana and one count of possessing, with intent to distribute, marijuana, in violation of the Georgia Controlled Substances Act. Appellant was acquitted of the charge of possessing, with intent to distribute, marijuana, and one count of selling marijuana, and convicted of one count of selling marijuana. In his sole enumeration of error appellant contends the trial court erred by denying his motion to sever the offenses for trial.

Offenses may be joined for trial when they are based (1) on the same conduct, or (2) on a series of acts connected together, or (3) on a series of acts constituting a single scheme or plan. *Quick v. State,* 166 Ga. App. 492, 494 (3) (304 SE2d 916) (1983). If the offenses are joined for any of these reasons, the defendant does not have an automatic right of severance, but the judge may grant severance if it is necessary to achieve a fair determination of the defendant's guilt.

In the instant case the two counts of selling marijuana occurred on November 8, 1985, and January 5, 1986; the offense of possession of marijuana with intent to distribute occurred on April 3, 1986. All of the offenses charged occurred in Dawson, Georgia, and two of the incidents occurred at Johnson and Main Streets. The first sale on November 8 involved the automobile of appellant's girl friend, and the second sale on January 5 occurred at the home of appellant's girl friend; both sales were made to an undercover agent through an inter-

mediary known as "Thumper." The final incident occurred at the corner of Johnson and Main when the undercover agents, having completed their investigation, went to arrest appellant. When he saw the agents appellant started running and threw away a paper sack containing 18 plastic bags of marijuana. Even though the incidents occurred over a period of five months, the evidence indicates that appellant was engaged in a series of acts connected together, namely, selling marijuana, which constituted part of a single scheme or plan. See *Hubbard v. State*, 173 Ga. App. 127 (1) (325 SE2d 799) (1984). Under such circumstances appellant did not have an automatic right to a severance. Nor do we find that a severance was necessary to a fair determination of appellant's guilt or innocence of each offense charged. This is demonstrated, in part, by the fact that appellant was acquitted of two of the three charges against him. Further, evidence of the two sales of marijuana would have been admissible as similar transactions in a separate trial for possession of marijuana with intent to distribute, to establish appellant's intent to distribute the 18 bags of marijuana in his possession when he was arrested at the corner of Johnson and Main on April 3, the very location where he had sold marijuana previously. See *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982). Accordingly, it was not error to deny appellant's motion for severance of the charges for trial.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 8, 1988.

*C. Truitt Martin, Jr.*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.