## S94A0936. BLAND v. THE STATE.
(449 SE2d 116)

Fletcher, Justice.

Melvin Lewis Bland was convicted of malice murder and two counts of armed robbery in the shooting death and armed robbery of Bruce Wayne Skinner. He was also convicted of escape from the Butts County jail, and aggravated assault of a jailer. He appeals. We vacate one conviction for armed robbery, but affirm the remaining convictions.[1]

Bland and his co-defendant Allen Dean Jackson worked for Skinner on his sod farm. Early on the morning of October 10, 1992, Skinner was seen driving in his white Chevrolet pickup truck with two men riding in the back. Shortly after 11:00 a.m. Bland and Jackson drove to the C&S Bank in Jackson, Georgia in a white pick-up and Bland cashed a forged check on Skinner's account. Around 4:00 p.m that day, Bland and Jackson had a wreck in Monroe County while driving Skinner's truck and abandoned the truck there. The truck had blood spatters, flesh fragments and bullet holes and fragments in it. A rifle belonging to Skinner and Skinner's wallet, containing no money, were found in woods along the road between Jackson and Monroe County.

On the day of the murder, police seized Bland's blood-stained clothes. The State Crime Lab found that enzymes in the blood samples were consistent with Skinner's blood.

The next day, Skinner's body was found on the sod farm. Skinner had been shot in the neck with a rifle.

After Bland was arrested, he was incarcerated in the Butts County Jail. Glenda Woodard, a jailer, testified that on November 3, 1992 Bland struck her in the head with a mop wringer and beat her until she lost consciousness. He then used Woodard's keys to escape. The next day Bland was apprehended at a Huddle House.

1. After reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Bland guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Bland contends that the trial court erred in denying his motion to sever the murder and armed robbery charges from the escape and

---

[1] The crimes underlying the malice murder and armed robbery counts occurred on October 10, 1992. The escape and aggravated assault occurred on November 3, 1992. Bland was indicted on February 1, 1993. The guilty verdicts were returned and sentences imposed on August 20, 1993. Bland was sentenced to life in prison for malice murder, consecutive twenty-year sentences for each armed robbery and aggravated assault count, and a consecutive ten-year sentence for escape. The appeal was docketed on August 25, 1993 in the Court of Appeals and transferred to this Court on March 17, 1994. The appeal was docketed in this Court on March 23, 1994 and submitted for decision on briefs on May 16, 1994.

aggravated assault charges because the evidence supporting the murder charge was circumstantial and that, therefore, trying the unrelated aggravated assault charge with the murder charge was so prejudicial as to require severance. The charges were joined because they constituted a series of acts connected together. The absolute right to severance exists only where offenses have been joined solely because they are of the same or similar character. *Terry v. State*, 259 Ga. 165, 168 (377 SE2d 837) (1989). Where, however, as here, joinder is based on a series of acts connected together, severance lies within the sound discretion of the trial court. *Coats v. State*, 234 Ga. 659, 662 (217 SE2d 260) (1975); *Dingler v. State*, 233 Ga. 462, 464 (211 SE2d 752) (1975). The trial court should sever the offenses if severance is appropriate to promote a fair determination of guilt or innocence as to each offense. *Dingler*, 233 Ga. at 463. Whether evidence of one offense would be admissible in a trial of the other if severance is granted is a relevant consideration. See, e.g., *Gober v. State*, 247 Ga. 652, 654 (278 SE2d 386) (1981); *Wilson v. State*, 245 Ga. 49, 55 (262 SE2d 810) (1980).

Evidence of the escape would have been admissible in the trial on the murder and armed robbery charges. See *Childs v. State*, 257 Ga. 243, 245 (357 SE2d 48) (evidence of escape while being held on murder charge would have been admissible in trial of murder charge if charges had been severed), cert. denied, 484 U. S. 970 (1987); *Renner v. State*, 260 Ga. 515 (397 SE2d 683) (1990) (prosecution may offer and argue evidence of flight as demonstrating consciousness of guilt); *Welborn v. State*, 236 Ga. 319 (223 SE2d 698) (1976) (during trial on robbery charge, not error to inform jury that defendant fled two and a half months following incarceration). Similarly, evidence of the aggravated assault would have been admissible because it was part of the immediate circumstances of the escape. *Chambers v. State*, 250 Ga. 856, 859 (302 SE2d 86) (1983). Finally, evidence of Bland's alleged commission of murder and armed robbery (but not evidence of the subsequent convictions) would have been admissible in the trial of the escape charge to demonstrate lawfulness of confinement. *Carter v. State*, 155 Ga. App. 840, 843 (273 SE2d 417) (1980).

After reviewing the record and transcript, we cannot say that the trial court abused its discretion in denying the motion to sever.

3. Bland contends the trial court improperly recharged the jury regarding escape. The jury sent a note out with the question, "does the subject have to leave with a dangerous weapon [in order to be found guilty of the count of escape while armed]?" The court responded by reading from OCGA § 16-10-52, that "a person commits the offense of escape when he being in lawful custody or lawful confinement escapes while armed with a dangerous weapon." The court further stated that "the issue is whether a mop wringer is a dangerous

weapon, without saying any more. But you will also keep in mind what the statute says. So the interpretation that you give it is entirely up to you." Considering the charge as a whole, it adequately informed the jury of the elements of felony escape and does not require reversal.

4. Bland contends that the trial court erred in failing to join the two armed robbery charges (one for the taking of the pickup truck and one for the taking of the wallet) into one count. Bland was convicted on both counts and sentenced to a 20-year term on each count, to run consecutively. We agree that there was only one robbery and it was error to sentence Bland on two counts of armed robbery. In *Creecy v. State*, 235 Ga. 542, 544 (221 SE2d 17) (1975), this Court held that where there is only one victim who is robbed of more than one item in a single transaction, only one robbery may be charged. Therefore, we direct the trial court to vacate the sentence imposed on the second robbery count.

5. We find no error requiring reversal in Bland's remaining enumerations.

*Judgment affirmed with direction. All the Justices concur.*

DECIDED NOVEMBER 7, 1994.

*Edea M. Caldwell,* for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.