## A00A1010. MANGRUM v. THE STATE.
### (536 SE2d 217)

JOHNSON, Chief Judge.

Jesse Lee Mangrum, Jr. was indicted for trafficking in cocaine and possessing marijuana. Mangrum moved to sever the two offenses. The trial judge denied the motion, and the case was then tried before a jury. The jury heard evidence that police officers executed a search warrant at a house and found Mangrum there with a large amount of crack cocaine. They arrested him. The day after the arrest, an officer went to a motel room where Mangrum had been staying and found five partially smoked marijuana cigarettes in an ashtray. After hearing the evidence, the jury found Mangrum not guilty of possessing marijuana, but guilty of trafficking in cocaine.

Mangrum appeals, arguing that the trial court erred in denying his motion to sever the offenses. Although we agree with Mangrum that the court erred, under the circumstances presented by the record, we find that the error was harmless and that Mangrum's cocaine trafficking conviction must be affirmed.

Where two offenses have been joined because they are based on (1) the same conduct, (2) on a series of connected acts, or (3) on a series of acts constituting parts of a single plan or scheme, the trial judge has discretion to decide whether or not to sever offenses.[1] But where offenses have been joined only because they are of similar character, a defendant has the absolute right to severance of the offenses.[2]

In the instant case, the cocaine and marijuana charges against Mangrum were not based on the same conduct, a series of connected

---

previous several years, to the detriment of their emotional stability").

[1] *Brown v. State,* 230 Ga. App. 190-191 (1) (495 SE2d 858) (1998).

[2] *Carter v. State,* 261 Ga. 344 (1) (404 SE2d 432) (1991); *Brown,* supra at 190.

acts, or a series of acts constituting parts of a single plan. Instead, the charges were based on different, unrelated incidents occurring at separate places and times. The charges were similar only in that they both involved illegal drugs.[3] Because the cocaine trafficking and marijuana possession charges were joined solely because of their similar character, Mangrum had the right to have them severed for trial. The trial court therefore erred in failing to grant Mangrum's motion to sever the offenses.[4]

Nevertheless, the error was harmless. First, we note that Mangrum was actually acquitted of the marijuana possession charge. So as to that offense he obviously was not prejudiced by its joinder with the cocaine charge.[5] Second, as to the trafficking in cocaine charge, the state presented overwhelming evidence establishing that Mangrum was guilty of that crime. Given that overwhelming evidence, it is highly unlikely that the jury's decision on the cocaine charge was influenced by the marijuana charge upon which it had acquitted Mangrum.[6] We are thus compelled to affirm Mangrum's cocaine trafficking conviction.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 22, 2000.

*Danny L. Durham*, for appellant.
Jesse L. Mangrum, Jr., *pro se.*
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[3] Compare *Williams v. State*, 186 Ga. App. 266, 267 (367 SE2d 92) (1988) (separate incidents properly joined because they constituted parts of a single scheme to sell marijuana).

[4] See *Davis v. State*, 159 Ga. App. 356-359 (1) (283 SE2d 286) (1981) (court should have severed armed robbery counts that were joined solely because they were similar offenses).

[5] See *Watkins v. State*, 187 Ga. App. 108 (1) (369 SE2d 356) (1988).

[6] See *Sabree v. State*, 195 Ga. App. 135, 137 (1) (392 SE2d 886) (1990); *Graham v. State*, 185 Ga. App. 617, 619 (2) (365 SE2d 482) (1988).