## A03A0159. GORDIAN v. THE STATE.
### (581 SE2d 616)

MILLER, Judge.

Following a jury trial, Mores Gordian was convicted on various counts of aggravated assault, false imprisonment, and possession of a firearm during the commission of certain crimes. He appeals, claiming the trial court erred in denying his motion for a directed verdict on one of the aggravated assault counts and in denying his two motions for mistrial. He also asserts a constitutional claim not raised below. We discern no error and affirm.

Construed in favor of the verdict, the evidence showed that during a meeting with his estranged wife at her residence, Gordian pulled a gun out of a bag and pointed it at her and her work colleague. He told them, "[N]ow, you're going to listen," threatened to shoot them, and instructed his wife to tie up the work colleague with rope and duct tape, which she did. After an extended discussion with his wife, he allowed her to use the bathroom as he accompanied her with a gun to her back. He eventually released the women with a threatening warning not to contact police.

The women contacted police, and the police found the women very upset, crying, fearful, shaking, quivering, and with red eyes. The wife immediately began packing to move out of her residence, and later that day police apprehended Gordian at the residence. Gordian was charged with two counts of each of the following crimes: false imprisonment, kidnapping, aggravated assault, terroristic threats, and possessing a firearm during the commission of certain crimes.

Gordian's defense at trial was that he did not threaten or point

---

[5] *Letson v. State*, 236 Ga. App. 340, 341 (512 SE2d 55) (1999).

the gun at the women, and his now ex-wife testified that she never believed he was going to shoot or harm her or her colleague. The court denied Gordian's motion for a directed verdict on the aggravated assault count involving the ex-wife, and the jury found him guilty on two counts of aggravated assault, two counts of false imprisonment, and two counts of possessing a firearm during the commission of certain crimes, and not guilty on the remaining counts. The court denied his motion for new trial.

1. Gordian argues that the trial court erred in denying his motion for directed verdict on the aggravated assault count involving his ex-wife. He contends that since she testified that she never believed he was going to hurt her, the apprehension necessary for an assault conviction could not be shown.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997).

OCGA § 16-5-21 (a) (2) provides that a person commits an aggravated assault when he assaults with a deadly weapon. An assault occurs when a person commits an act which places another in reasonable apprehension of immediately receiving a violent injury. OCGA § 16-5-20 (a) (2). To prove whether a victim has been placed under reasonable apprehension of injury, the State may use indirect or circumstantial evidence. *Williams v. State*, 208 Ga. App. 12, 13 (430 SE2d 157) (1993).

Regarding the assault against the ex-wife, the evidence showed that the police found both women to be very upset, with evidence of emotional trauma including quivering, shaking, crying, looking fearful, and being very nervous. Despite the ex-wife's later testimony that she was not fearful during the incident, this police testimony was sufficient for the jury to conclude that the ex-wife had a reasonable apprehension of receiving a violent injury. *Robertson v. State*, 245 Ga. App. 649, 651 (1) (538 SE2d 755) (2000). Moreover, Gordian pointed the gun at both victims, and the other woman felt intense fear at the prospect of being shot. Her "testimony that [she] was fear-

ful, coupled with testimony that [Gordian] pointed the gun at each of the victims, was sufficient for a factfinder to find that [both] victims had a reasonable apprehension of immediately receiving a violent injury." (Footnote omitted.) *Jackson v. State*, 251 Ga. App. 578, 579 (1) (554 SE2d 768) (2001).

The trial court did not err in denying the directed verdict on this aggravated assault count.

2. Gordian challenges the trial court's denial of his two motions for mistrial. We hold that the trial court, which gave curative instructions in both instances, did not abuse its discretion in either instance. See *Crawford v. State*, 256 Ga. 585, 587 (2) (351 SE2d 199) (1987) (denial of mistrial is subject to abuse of discretion standard and will not be disturbed where curative instructions prevented prejudice).

The first instance occurred when a police officer recounted that the ex-wife told him "that she had had problems with her husband, he had committed credit card fraud against her." Gordian immediately moved for a mistrial on the ground that this improperly placed Gordian's character in issue. Denying the motion, the court instructed the jury to disregard the testimony. We hold that the trial court did not abuse its discretion in electing to give curative instructions rather than granting a mistrial. Such fleeting and incomplete references to a possible criminal history are harmless error that is curable by instruction. *Smith v. State*, 244 Ga. App. 165, 168 (3) (534 SE2d 903) (2000); see *Dunn v. State*, 251 Ga. 731, 734 (4) (309 SE2d 370) (1983); *Dimauro v. State*, 185 Ga. App. 524-525 (2) (364 SE2d 900) (1988).

The second instance was a slip of the tongue by the prosecutor, who during closing argument referred to the last charge as "possession of a firearm by a convicted felon." The prosecutor immediately corrected himself, apologizing and stating that the charge was possession of a firearm during the commission of certain crimes. Denying Gordian's subsequent motion for mistrial, the court plainly instructed the jury that Gordian was not a convicted felon, that he was not charged with possessing a firearm as a convicted felon, and that the prosecutor's inadvertent reference was a slip of the tongue. We hold that the court's curative instruction — assuming one were even needed — was sufficient, and that the court did not abuse its discretion in denying the motion for mistrial. See *Robbins v. State*, 243 Ga. App. 21, 25 (5) (532 SE2d 127) (2000); see generally *Crawford*, supra, 256 Ga. at 587 (2).

3. In his last enumeration, Gordian challenges the constitutionality of the trial court hearing the matter. Cf. *Earl v. Mills*, 275 Ga. 503, 504-505 (2) (570 SE2d 282) (2002). Gordian, however, did not raise this issue below. "Constitutional issues not raised below are not

preserved for appeal." (Citation and punctuation omitted.) *Ogletree v. State*, 211 Ga. App. 845, 846 (1) (440 SE2d 732) (1994).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED APRIL 3, 2003 —
RECONSIDERATION DENIED APRIL 30, 2003.

*Barry W. Bishop*, for appellant.
*Garry T. Moss, District Attorney, Wallace W. Rogers, Assistant District Attorney*, for appellee.