## A05A1621. JACKSON v. THE STATE.
(622 SE2d 423)

ELLINGTON, Judge.

A Douglas County jury found Tarik Jackson guilty beyond a reasonable doubt of armed robbery, OCGA § 16-8-41; kidnapping, OCGA § 16-5-40; possession of a firearm during the commission of a felony, OCGA § 16-11-106; giving a false name to a law enforcement officer, OCGA § 16-10-25; aggravated assault (upon a peace officer), OCGA § 16-5-21 (c); simple assault (as a lesser included offense), OCGA § 16-5-20; four counts of interference with government property, OCGA § 16-7-24; and possession of a deadly weapon by an inmate, OCGA § 42-5-63.[1] Following the denial of his motion for a new trial, Jackson appeals, contending the trial court abused its discretion when it denied his motion to sever offenses and when it allowed a detective to be present at the prosecution table throughout the trial. Finding no error, we affirm.

1. Jackson contends that two separate incidents which formed the basis of the thirteen counts charged were not related or of a similar character, and, accordingly, the trial court abused its discretion when it denied his motion to sever Counts 6 through 12 from the remaining counts.

Viewed in the light most favorable to the prosecution,[2] the evidence shows the following facts. Counts 1 through 5 and Count 13 (the charges of armed robbery, kidnapping, possession of a firearm during the commission of a felony, giving a false name to a law enforcement officer, and possession of a firearm by a convicted felon) all arose from an armed robbery of a gas station on September 19, 2001. Within minutes of the robbery, an officer stopped the vehicle in which Jackson was a passenger and arrested him. Counts 6 through 12 (the charges of assault, interference with government property, and possession of a deadly weapon by an inmate) arose from an incident on October 13, 2001, when Jackson was incarcerated in the Douglas County jail awaiting trial on the September 19 charges. In that incident, Jackson fashioned a knife from a plastic spoon and piece of inmate clothing, stripped insulation from a door and jammed

---

[1] Jackson also entered a guilty plea to possession of a firearm by a convicted felon, OCGA § 16-11-131.

[2] *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

it in the door lock, and then, during a late night inspection, pushed the door open and threatened an officer with the knife.

In this case, the trial court allowed the State to join the September 19, 2001 offenses and the October 13, 2001 offenses after finding that the offenses were based on a series of connected acts. "Where two offenses have been joined because they are based on (1) the same conduct, (2) on a series of connected acts, or (3) on a series of acts constituting parts of a single plan or scheme, the trial judge has discretion to decide whether or not to sever offenses." (Footnote omitted.) *Mangrum v. State*, 244 Ga. App. 559 (536 SE2d 217) (2000). "The trial court should sever the offenses if severance is appropriate to promote a fair determination of guilt or innocence as to each offense. Whether evidence of one offense would be admissible in a trial of the other if severance is granted is a relevant consideration." (Citations omitted.) *Bland v. State*, 264 Ga. 610, 611 (2) (449 SE2d 116) (1994).

Where a defendant escapes from jail while awaiting trial on another charge, the original offense and the escape charge may, under certain circumstances, be deemed a series of connected acts such that the trial court may in its discretion deny the defendant's motion to sever. *Bland v. State*, 264 Ga. at 611 (2); *Carter v. State*, 155 Ga. App. 840, 842 (2) (273 SE2d 417) (1980). This is because evidence of flight would be admissible at a separate trial as to the original charge to show consciousness of guilt, and evidence of the defendant's alleged commission of the original charge would be admissible at a separate trial on the escape charge to show the lawfulness of the confinement from which the defendant escaped. *Bland v. State*, 264 Ga. at 611 (2); *Strozier v. State*, 145 Ga. App. 566, 568 (3) (244 SE2d 89) (1978).

In this case, although the State was not required to prove the lawfulness of the confinement because Jackson was not charged with attempted escape, the jury would be authorized to infer that Jackson committed the October 13, 2001 offenses in an attempt to escape from jail and avoid prosecution for the September 19, 2001 armed robbery. After reviewing the record and transcript, we cannot say that the trial court abused its discretion in denying the motion to sever. *Bland v. State*, 264 Ga. at 611 (2); *Carter v. State*, 155 Ga. App. at 843 (2); *Strozier v. State*, 145 Ga. App. at 568 (3).

2. Jackson contends the trial court abused its discretion in allowing a detective who testified at trial to sit at the prosecution table despite Jackson's invocation of the rule of sequestration. The record shows, however, that after Jackson's counsel invoked the rule, the State moved to exempt the detective and Jackson's counsel consented to the exception. In addition, Jackson raised no objection when the State called the detective to testify. Accordingly, Jackson

failed to raise and preserve this issue in the trial court, and we cannot now consider it on appeal. *Brown v. State*, 246 Ga. App. 517, 520-521 (5) (541 SE2d 112) (2000).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 24, 2005.

*Mary Erickson*, for appellant.

*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.

