A06A1790. DILLS v. THE STATE.
(636 SE2d 166)

PHIPPS, Judge.
James Dills was charged with rape, aggravated sodomy, armed robbery, possession of a firearm during the commission of a crime, false imprisonment, and automobile theft by taking, but was convicted of only the last of these charges. Dills appeals, arguing that the trial court abused its discretion when it denied his motion to sever the theft charge. We affirm.

The evidence showed that in early 2003, a woman and her husband were having car trouble. A friend put them in touch with Dills, who told them in early February that he had two cars available for sale. The woman told Dills that she needed a car as soon as possible because her husband was leaving for military training in late March. Dills soon called the woman and went out one evening near

the end of February with her and another friend for a meal and to a pool hall. At the end of the evening, Dills gave the woman his phone number and told her to call him in the morning so that he could take her to a used car dealer. The woman tried to call Dills the next morning, but the number had been disconnected. The woman and her husband finally obtained a car on or around March 17. On March 21, the woman's husband left for military training as scheduled.

In the meantime, on March 10, Dills had met a man at a laundromat and told him that he was stranded and needed a ride to Valdosta. The two men agreed to eat at a restaurant before starting the trip. During dinner, Dills told the man that he needed something out of the man's blue Chevrolet Blazer, obtained the keys, and drove away.

On the afternoon of March 28, Dills arrived at the woman's house in a blue Chevrolet Blazer. When Dills offered her the Blazer, she told him that she had already obtained a car and that he was too late. Dills then offered to sell her the Blazer for $1,500, but she refused. After learning that she would be home that night, Dills left, returned a short time later with two beers, and asked the woman to put them in her freezer, which she did. Shortly thereafter, Dills came out of the woman's bathroom with a gun, tied her hands, and took cash from her purses. The woman also testified that he stuck the gun into her side, performed oral sex on her, and forced her to perform oral sex on him. Dills then penetrated her vagina with his penis. Dills was arrested on April 10 in possession of the blue Blazer.

On the morning of trial, Dills moved to sever the automobile theft charge from the charges arising from his contact with the woman. After the state objected to the motion as both untimely and unmeritorious, the trial court denied it on its merits. Dills later took the stand in his own defense.

As a preliminary matter, we note the state's argument that the motion to sever was untimely. It is true that under Uniform Superior Court Rule 31.1, all motions in a criminal case shall be made and filed at or before arraignment.[1] The same rule gives trial courts the discretion to shorten or lengthen the time allowed to file such motions, however, and we will not reverse this trial court's decision to do so in the absence of an abuse of discretion.[2] There was no such abuse here.

On the merits, we look to the recent precedent of *Grimes v. State*,[3] where the Supreme Court of Georgia held that severance "is not

---

[1] See *Ross v. State*, 235 Ga. App. 7, 7-8 (508 SE2d 424) (1998).

[2] *Abernathy v. State*, 265 Ga. 754, 756 (4) (462 SE2d 615) (1995).

[3] 280 Ga. 363 (628 SE2d 580) (2006).

mandatory when one offense could be admitted upon the trial of another offense to show a common motive, plan, scheme, or bent of mind."[4] As the Court explained:

> In this situation, severance is a matter for the trial court's discretion, and severance should generally be granted if it is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense[,] considering whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.[5]

Here, a rational trier of fact could have found that Dills's contacts with and cultivation of the woman, his theft of the Blazer from another person, his appearance at her house on March 28, and his offer of the Blazer to her were all part of a scheme to gain access to her. Nor is there any evidence that the jury confused the theft charge with the other charges, since it found him guilty of the former but acquitted him of the latter. Finally, we note that the denial of the motion to sever did not compel Dills to testify on his own behalf.[6] Thus we conclude that the trial court did not abuse its discretion when it denied the motion to sever.[7]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 6, 2006.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney*, for appellee.

---

[4] Id. at 365 (3).
[5] Id. (citations and punctuation omitted).
[6] See *Parker v. State*, 276 Ga. 598, 598-599 (2) (581 SE2d 7) (2003).
[7] See *Grimes*, supra.