A09A1593. HENSLEY v. THE STATE.

(684 SE2d 673)

BARNES, Judge.

Lance Hensley appeals his convictions for aggravated assault on a peace officer, felony obstruction of an officer, and two counts of removal of a weapon from a peace officer. Hensley contends that the trial court erred in failing to grant a mistrial after an officer violated a court order by testifying about the charge underlying a previous arrest warrant. Finding that the trial court did not abuse its discretion in denying the mistrial motion, we affirm.

On June 20, 2004, as two officers were discussing the service of an arrest warrant on Hensley, another officer on patrol spotted Hensley in a nearby parking lot. When Hensley saw the patrol car, he fled on foot. The patrolling officer chased him into a wooded area, and when the officer caught up with him, Hensley wrapped his hands around a tree and would not lie on the ground as the officer directed. The officer pried Hensley's hands loose with his baton, but Hensley snatched the baton away and the two men fell to the ground. The officer drew his service pistol and forced Hensley to release the baton, but after the officer holstered his pistol and took Hensley's arm, Hensley twisted around and grabbed the weapon. As the men struggled over the pistol, Hensley threatened to kill the officer, who finally fired the weapon two inches from Hensley's head in an unsuccessful attempt to subdue him. Hensley held onto the gun and prevented the officer from firing again, and would not release his hold until two backup officers arrived and aimed their weapons at Hensley until he let go.

The trial court granted Hensley's motion in limine to exclude any reference to the content of the charge underlying the arrest warrant. Later, however, one of the arresting officers testified that he had been looking for Hensley pursuant to an "outstanding aggravated assault warrant." Hensley immediately moved for mistrial. The trial court denied the motion, concluding that, while the officer referred to the content of the arrest warrant against court orders, the testimony was no more than a "passing comment" and its effect was not prejudicial enough to warrant a mistrial. The court offered to give the jury curative instructions, but Hensley declined the offer for strategic reasons.

A trial court has the discretion to grant a mistrial or to give curative instructions, and this court will only interfere with that discretion when granting a mistrial is "essential to the preservation of the right to fair trial." *Smith v. State,* 244 Ga. App. 165, 168 (534 SE2d 903) (2000). When determining whether the trial court abused its discretion, we consider the statement itself, other evidence against the accused, and the actions of the trial court and counsel dealing with the impropriety. *Martin v. State,* 240 Ga. App. 901, 902 (525 SE2d 728) (1999).

First, the officer's statement that the authorities were in the area looking for Hensley to execute an outstanding aggravated assault warrant was not enough to unduly prejudice the jury. The parties agreed that informing the jury that the warrant existed was appropriate. The existence of the underlying warrant was the reason the police were chasing Hensley and without knowing that, the context of the incident would have been incomplete and confusing. Although the prosecutor failed to instruct the officer to limit his

testimony, the officer did not give any details about the underlying aggravated assault charge. The comment was fleeting and incomplete, and the witness was immediately redirected before his testimony continued. See *Gordian v. State,* 261 Ga. App. 75, 77 (581 SE2d 616) (2003) (fleeting reference to possible criminal history is harmless). Compare with *Smith v. State,* 296 Ga. App. 608 (675 SE2d 310) (2009) (in-depth testimony about prior bad acts unrelated to the event in question warranted mistrial).

Second, the evidence against Hensley was so overwhelming that the impact of the statement on the jury, if any, was minimal. Hensley admitted running from the officer, and the jury served as the trier of fact regarding the details and sequence of the ensuing struggle. See *Martin v. State*, supra, 240 Ga. App. at 903 (strong evidence of defendant's guilt substantially lessened prejudicial impact of improperly admitted character evidence).

Finally, the trial court halted the testimony immediately upon Hensley's objection. Although it considered the testimony only a passing comment, the court offered to provide immediate curative instructions. Hensley declined the offer, fearing that highlighting details about the warrant would only enhance the prejudicial effect on the jury. No further mention was made during trial about the underlying nature of the previous warrant. In its final charge to the jury, the court instructed it not to "concern itself in any way with the fact that there was a warrant out there nor . . . with speculating on what that warrant concerned," emphasizing that the jury's sole duty was to decide if Hensley committed the offenses charged. See *Gordian v. State,* supra, 261 Ga. App. at 77 (curative instruction enough to avoid prejudice).

The trial court did not abuse its discretion in denying the motion for a mistrial. Accordingly, Hensley's convictions are affirmed.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED SEPTEMBER 21, 2009.

*Edward P. Dettmar*, for appellant.

*T. Joseph Campbell, District Attorney, Stewart D. Bratcher, Assistant District Attorney*, for appellee.