**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**June 7, 2012**

# In the Court of Appeals of Georgia

A12A0679. JACKSON v. THE STATE.

MIKELL, Presiding Judge.

In the same indictment, a grand jury charged Kendrick Demone Jackson with the commission, in 2007, of three counts of aggravated battery and one count of aggravated assault during a fight at a restaurant; and with the commission, in 2008, of one count of aggravated assault on a law enforcement officer attempting to arrest him for the crimes allegedly committed in 2007. A jury convicted Jackson of the 2008 aggravated assault on the officer, but acquitted him of the remaining counts. He appeals the denial of his amended motion for a new trial, alleging that the trial court erred in denying his motion to sever the counts and in not granting a mistrial. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that at about 3 a.m. on November 11, 2007, Bobby Toole, an officer with the Athens-Clarke County Sheriff's Department working extra duty at a restaurant, heard someone yelling that there was a fight in the parking lot and immediately after heard a gunshot. Toole found Termaine Johnson lying wounded on the ground. Johnson identified Jackson as the shooter. A witness told law enforcement that the shooter fled the scene. A law enforcement officer identified Jackson's photo as depicting a man who had fled the scene.

A warrant was issued for Jackson's arrest in connection with the Johnson shooting, and Jackson was the subject of a "be on the lookout" alert. About two months after the shooting, on January 6, 2008, Athens-Clarke County Police Officer Donnie Weller responded to a call from another officer who had seen Jackson at an area apartment complex. Weller testified that Jackson attempted to flee in a vehicle driven by another person. The officers initiated a traffic stop, and Jackson pointed a gun at Weller. Weller arrested Jackson, and a 9 millimeter handgun was found during a search of the vehicle. At arraignment, Jackson pled not guilty to all counts.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCT 2781, 61 LE2d 560) (1979).

1. Jackson contends that the trial court erred in denying his motion to sever the 2008 count of aggravated assault against the officer from the 2007 counts regarding the alleged crimes against Johnson.

> [A] defendant has a right to severance where the offenses are joined solely on the ground that they are of the same or similar character because of the great risk of prejudice from a joint disposition of unrelated charges. However, where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance lies within the sound discretion of the trial judge since the facts in each case are likely to be unique. A trial court does not abuse its discretion in denying a severance of counts where evidence of one charge would be admissible in the trial of another.[2]

In *Jackson v. State*,[3] a case analogous to the case sub judice, we upheld a trial court's denial of a motion to sever, finding that offenses committed one month apart were based on a series of connected acts where the defendant was charged with crimes related to the armed robbery of a gas station; then, while incarcerated on those charges, the defendant attempted a jail break and was charged with additional crimes.

---

[2] (Citations and punctuation omitted.) *Carruth v. State*, 290 Ga. 342, 346 (4) (721 SE2d 80) (2012).

[3] 276 Ga. App. 77 (622 SE2d 423) (2005).

3

"Where two offenses have been joined because they are based on (1) the same conduct, (2) on a series of connected acts, or (3) on a series of acts constituting part of a single plan or scheme, the trial judge has discretion to decide whether or not to sever offenses."[4] In that case, we held, inter alia, that the offenses were connected because "evidence of flight would be admissible at a separate trial as to the original charge to show consciousness of guilt, and evidence of the defendant's alleged commission of the original charge would be admissible at a separate trial on the escape charge to show the lawfulness of the confinement from which the defendant escaped."[5] Similarly, in the case before us, the offenses are connected. Evidence of Jackson's flight[6] from the arresting officer in 2008 would be admissible to show consciousness of guilt at a separate trial on the 2007 aggravated assault and aggravated battery incident.[7] Evidence of the 2007 charges would be admissible in a separate trial on the 2008 charge to show the lawfulness of the traffic stop from

---

[4] (Citation and punctuation omitted.) Id. at 78 (1).

[5] (Citations omitted.) Id.

[6] *Brown v. State*, 303 Ga. App. 814, 816, n. 5 (694 SE2d 385) (2010) (flight is always a circumstance which may be shown, and a jury is authorized to take this conduct into account in determining guilt or innocence of an accused).

[7] See *Jackson v. State*, supra.

4

which Jackson attempted to flee.[8] "[W]here the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying the motion for severance."[9]

Additionally, we have upheld a trial court's denial of a motion to sever where, although the charges related to different crimes that occurred in different locations, one was a circumstance of the arrest for the other. In *Coleman v. State*,[10] the defendants killed two people in Muscogee County, then drove to Alabama. When they were later spotted by an Alabama law enforcement officer who gave chase, they fled and abandoned their vehicle, in which drugs were found.[11] Our Supreme Court found that as the drug possession charges were the result of a search of the vehicle defendants abandoned as they fled, "[t]he trial court did not err when it refused to

---

[8] See *Boone v. State*, 282 Ga. App. 67, 70 (2) (637 SE2d 795) (2006) (upon hearing "be on the lookout" alert describing vehicle and occupants, officer had requisite articulable suspicion to warrant investigative traffic stop and detention).

[9] (Citation and punctuation omitted.) *Woolfolk v. State*, 282 Ga. 139, 140-141 (2) (644 SE2d 828) (2007); *Bland v. State*, 264 Ga. 610, 611 (2) (449 SE2d 116) (1994) ("Whether evidence of one offense would be admissible in a trial of the other offense if severance [were] granted is a relevant consideration.") (citation omitted).

[10] 286 Ga. 291 (687 SE2d 427) (2009).

[11] Id. at 292-293 (1).

sever the charges inasmuch as the drug charges were a circumstance of the arrest for the homicides for which appellants were tried."[12] In the case sub judice, the 2008 aggravated assault charge was a result of Jackson's pointing a gun at an officer as he attempted to flee and evade arrest for the charges related to the 2007 incidents, and the trial court did not err in its refusal to sever.[13]

> In this situation, severance is a matter for the trial court's discretion, and severance should generally be granted if it is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense, considering whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.[14]

Here, there is no evidence that the jury confused the aggravated battery and aggravated assault charges from the 2007 incident with the aggravated assault on the

---

[12] (Citation omitted.) Id. at 302 (10).

[13] See id. Accord *Woolfolk,* supra at 140 (2) (trial court's refusal to sever count of aggravated assault on peace officer from counts for homicide and other crimes committed against separate victim upheld where, one day after homicide, officer attempted to question defendant about homicide and defendant brandished murder weapon and fled).

[14] (Punctuation and footnote omitted.) *Dills v. State*, 281 Ga. App. 484, 486 (636 SE2d 166) (2006).

officer in 2008, as it found Jackson not guilty of the former, but acquitted him of the latter.[15] We find no error.

2. Jackson argues that the trial court erred in denying his motion for a mistrial after Officer Weller testified about Jackson's felony and probation warrants.

"[W]hether to grant a mistrial is a matter within the discretion of the trial court, and that discretion will not be interfered with on appeal unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial."[16] We conclude that the trial court did not abuse its discretion in denying the motion for mistrial.

The record shows that defense counsel moved in limine to exclude evidence of federal charges against Jackson, and that counsel for the state represented to the court that she had instructed officers not to mention the federal issues in their testimony. However, when Weller, the first witness, was asked on direct examination what the warrants for Jackson were for, he made a brief reference to "felony – or probation warrants. I think federal probation warrants." Jackson moved for a mistrial on the grounds that this testimony impermissibly put his character in evidence. The

---

[15] See id.

[16] (Citation and punctuation omitted.) *Jones v. State*, 277 Ga. 36, 40 (6) (586 SE2d 224) (2003).

7

trial court denied the motion for mistrial and strongly cautioned all the officers who would testify not to discuss federal or probation warrants. The trial judge then gave curative instructions to the jury, outlining the only issues they were to consider and asking them to "wipe" the officer's testimony from their minds. When the trial judge asked jurors to raise their hands if they were unable to wipe the officer's testimony from their minds, none did so.

"When determining whether the trial court abused its discretion, we consider the statement itself, other evidence against the accused, and the actions of the trial court and counsel dealing with the impropriety."[17] We have held that where, as here, no details were given about the warrant or charge, the comment was fleeting and incomplete, the witness was immediately redirected before his testimony continued, and curative instructions were given, refusal to grant a mistrial is not an abuse of discretion.[18]

---

[17] (Citation omitted.) *Hensley v. State*, 300 Ga. App. 136, 137 (684 SE2d 673) (2009).

[18] See id. at 137-138; *Brown v. State*, 268 Ga. 455, 456 (1) (490 SE2d 379) (1997) (trial court did not abuse discretion in denying mistrial where officer made brief, impermissible mention of probation warrants, but court issued curative instructions to jury and strongly cautioned the state against bringing out prejudicial evidence). See also *Gordian v. State*, 261 Ga. App. 75, 77 (2) (581 SE2d 616) (2003) (fleeting reference to possible criminal history is harmless and curable by instruction).

3. Jackson, in the preservation of errors section of his brief, asserts that he received ineffective assistance of counsel. However, he does not raise this issue elsewhere, nor does he offer argument or citation to the record or legal authority in support of this alleged error. To the extent that Jackson intended to enumerate this issue as error, it is deemed abandoned.[19]

*Judgment affirmed. Miller and Blackwell, JJ., concur.*

---

[19] *Gaither v. State*, 312 Ga. App. 53, 60 (12) (717 SE2d 654) (2011); Court of Appeals Rule 25 (c) (2).