# Court of Appeals
# of the State of Georgia

ATLANTA,﹍﹍August 02, 2016﹍﹍﹍

*The Court of Appeals hereby passes the following order:*

**A16D0467.  TARIK SHOMARI JACKSON v. THE STATE.**

In 2001, Tarik Shomari Jackson was convicted of eleven offenses, including armed robbery, kidnapping, and possession of a firearm during the commission of a crime, for which Jackson was sentenced as a recidivist to life in prison without the possibility of parole.[1]  We affirmed his convictions on appeal. See *Jackson v. State*, 276 Ga. App. 77 (622 SE2d 423) (2005).[2]  Jackson subsequently filed a pro se "Motion to Void Illegal Sentence."  The trial court denied the motion, and Jackson filed this application for discretionary appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009).  Once this statutory period expires, as it had here when Jackson filed his motion, a trial court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  And a sentence is void only when the trial court imposes punishment that the law does not allow.  *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  "Motions to vacate a void sentence generally are limited to claims that

---

[1] Jackson also entered a guilty plea to possession of a firearm by a convicted felon.

[2] On appeal, Jackson argued that the trial court erred in denying his motion to sever and in allowing a detective to be present at the prosecution table throughout the trial.  Id. at 77.

– even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).

In his void-sentence motion, Jackson alleged that the State failed to provide proper notice of the prior felony offenses used to enhance his sentence. However, "such notice requirements are procedural and not substantive in nature. And the failure to adhere to such procedures . . . does not render sentences imposed without such procedures 'void' so as to secure direct appellate review subsequent to the first appeal." (Punctuation and citations omitted.) *Ward v. State*, 299 Ga. App. 63, 64-65 (682 SE2d 128) (2009); see also *von Thomas*, supra at 572-573 (2). Jackson further alleged that State's notice of aggravating circumstances did not show three felony convictions and the State did not prove Jackson had three prior felony convictions. The Supreme Court has held that waiveable challenges to a recidivist sentence, including "a claim that the State failed to prove the existence of a prior conviction by admissible evidence[,]" do not constitute valid void-sentence claims. See *von Thomas,* supra at 572-573 (2). Because Jackson has not raised a colorable void-sentence argument, he is not entitled to a direct appeal and this application is hereby DISMISSED.[3]

---

[3] In his application, Jackson asserts that the trial court erred in denying his motion without the benefit of an evidentiary hearing and in failing to appoint counsel to prosecute his motion. However, because the trial court could resolve the claims from the existing record, Jackson was not entitled to an evidentiary hearing. See *Mims v. State*, __ Ga. __ (Case No. S16A0542, decided June 6, 2016). Furthermore, an indigent defendant who has filed a motion to vacate a void sentence is not entitled to counsel. *Pierce v. State*, 289 Ga. 893, 894 (1) (717 SE2d 202) (2011).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*_____08/02/2016_____
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*