# Court of Appeals
# of the State of Georgia

ATLANTA,  October 22, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0545. TARIK S. JACKSON v. THE STATE.**

In 2001, Tarik Jackson was convicted of eleven offenses, including armed robbery, kidnapping, and possession of a firearm during the commission of a crime, for which Jackson was sentenced as a recidivist to life in prison without the possibility of parole.[1] This Court affirmed his convictions on appeal. *Jackson v. State*, 276 Ga. App. 77 (622 SE2d 423) (2005). In August 2025, Jackson filed a motion to correct void sentence. The trial court dismissed the motion, and Jackson filed this appeal. We lack jurisdiction.

Under OCGA § 17-10-1(f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347–48 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Jackson filed his void-sentence motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds

---

[1] Jackson also entered a guilty plea to possession of a firearm by a convicted felon.

the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n. 2 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).

In his void-sentence motion, Jackson claimed that: (1) he was not provided proper notice that three alleged prior felony convictions would be used to enhance his sentence; (2) the State did not prove that he had three prior felony convictions; and (3) at the time of his sentencing Georgia law did not authorize a sentence of life without parole for a non-murder offense. Jackson has previously raised the first two claims in a void-sentence motion, and this Court, on appeal from the denial of those claims, ruled that the claims were not colorable void-sentence claims. *Jackson v. State*, Case No. A16D0467 (Aug. 2, 2016). Jackson may not relitigate these claims in ths appeal. See *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) (although a void sentence may be challenged at any time, such a challenge is nevertheless subject to the equally well-established principles of res judicata and the law-of-the-case rule). Jackson's third claim is not a colorable void-sentence claim because, at the time of his sentencing, the law provided that "when a three-time recidivist commits a fourth felony for which the maximum penalty is life in prison, the trial court lacks discretion to sentence such felon to anything other than a life sentence without possibility of parole." *State v. Jones*, 253 Ga. App. 630, 632 (560 SE2d 112) (2002).

Because Jackson has not raised a colorable void-sentence claim, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 10/22/2025

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*